JUDE G.'GRAVOIS, Judge.
lain this paternity and child custody case concerning the application of the Uniform Child Custody Jurisdiction and Enforcement Act, La. R.S. 13:1801 et seq. (the “UCCJEA”), appellant, Ian M. Nygren, appeals the district court’s judgment of December 17, 2014 granting an exception of lack of subject matter jurisdiction filed *178 by appellee, .Dr. Rayme Edler. Dr. Edler’s exception argued,that the district court was without jurisdiction to review and rule upon a judgment entered by the domestic commissioner of the 24th Judicial District Court on April 22, 2014 that the child’s home state was Florida,:which judgment was timely objected to by Mr. Ny-gren under the applicable district court rules. Upon review, we find legal error in the district court’s ruling that it was “divested” of' subject matter jurisdiction to rule on Mr. Nygren’s objection to the domestic commissioner’s ruling of April 22, 2014.[1] Accordingly, for the following reasons, we reverse the judgment of the district court granting Dr. Edler’s exception of lack of subject matter jurisdiction, and remand the matter to the, district court to consider and ultimately rule upon Mr. Ny-gren’s objection to the domestic commissioner's ruling of April 22,2014.

J¿FACTS AND PROCEDURAL HISTORY

The parties, Mr. Nygren and Dr. Edler, had a child together, Mya, who was born in Pensacola, Florida, on May 9, 2013. The parties never married and have since ended their personal relationship; Mr. Ny-gren lives in Jefferson Parish, Louisiana, while Dr. Edler lives in Florida. On November 27, 2013, Mr. Nygren filed a petition in Louisiana, entitled “Petition to Establish Paternity, For Child Custody and Support with Rule to Show Cause.” On December 6, 2013, Dr. Edler filed a petition for similar domestic relief in Escambia County, Florida.
On December'23, 2013, Dr. Edler filed, in the 24th Judicial District Court, exceptions of lack of personal and subject matter jurisdiction and improper venue, and a motion for sanctions, arguing that under the UCCJEA, the, child’s home state was' Florida, and thus jurisdiction of the custody matter was proper in Florida. The exception of lack of subject matter jurisdiction was ultimately heard by the domestic commissioner on February 4, 2014, March 24, 2014, and April 1, 2014, including special telephonic conferences conducted with the judge of the proceeding in Escambia County, Florida. After both judges heard the testimony of witnesses and received evidence, the Florida judge opined that Florida was the minor child’s home state under the UCCJEA, a ruling which the domestic commissioner of the 24th Judicial District Court agreed with and concurred in, ruling as such from the bench. The domestic commissioner signed a judgment granting Dr. Edler’s exception of lack of subject matter jurisdiction on April 22,2014.
Pursuant to La. R.S. 13:717 and the local rules of the 24th Judicial District Court pertaining to rulings from a domestic commissioner, specifically Rule 24(A)(1)(a), Mr. Nygren timely filed an objection to the domestic commissioner’s judgment. In response to the objection, Dr. Edler filed a second exception of lack Lof personal and subject matter jurisdiction, arguing therein that the district court was without jurisdiction to entertain Mr. Nygren’s objection to the domestic commissioner’s ruling because in the meantime, the Florida court had proceeded with Dr, Edler’s suit, ostensibly not knowing that a Louisiana domestic commissioner’s authority is different from a district court, judge’s authority.
The district court held a hearing on the objection on December 17,2014, wherein it granted Dr. Edler’s second exception of lack of subject matter jurisdiction and ex *179 pressly did not reach the merits of Mr. Nygren’s objection to the domestic commissioner’s ruling. The district judge signed a judgment to that effect that same day. Notice of the. judgment was mailed to the parties on January 9, 2015. Mr. Nygren’s timely appeal followed.
On appeal, Mr. Nygren argues that thé district court erred in ruling that he was powerless to deny him his statutorily-mandated objection hearing. Mr. Nygren also argues the merits-of the domestic commissioner’s judgment, contending that he erred in finding that Florida was the child’s home state under- the UOCJEA, and asking this Court to enter judgment to that effect,

ANALYSIS'

Pertinent,to this appeal, 24th Judicial District Court Rules 23 and 24 set forth the various powers and responsibilities of the district court judges, domestic commissioners, and hearing officers in domestic matters Filed in that court. The position of domestic commissioner was created to facilitate an expedited process for the handling of domestic matters. Rule 28(D)(2). The powers and responsibilities of the domestic commissioner are specifically enumerated, as well as limited, by Rule 23(D)(3). Rule 28(D)(3)(k) specifically gives the domestic commissioner the power to hear exceptions. The aforementioned local rules, specifically Rule 24(A)(1), provide that an objection to the domestic Ineommissioner’s ruling shall be set on the docket of the district court judge, who shall rule' upon the objection. Further, under’ Rule 24(A)(1)(d), “[a]ny party who is aggrieved by a judgment entered by a district judge on objection from a decision of the domestic commissioner may appeal or take a writ from that judgment in the same manner as any other judgment entered by a district court.”
In the instant case, Mr..Nygren’s objection was set for hearing in front of the district court according to the local rules. However, the district court granted Dr. Edler’s second exception of lack of subject matter-jurisdiction, apparently accepting her argument that the domestic commissioner’s ruling granting her first exception of lack-of subject matte jurisdiction under the UOCJEA divested the district court of jurisdiction to review said judgment of the domestic commissioner.[2]
Oh appeal, Mr. Nygren argues that no statutory or case law operates to deprive him of his right to have the domestic commissioner’s ruling reviewed, by the district court simply because such ruling declined the Louisiana court’s jurisdiction under the UOCJEA. We agree. Nothing in the apr plicable law, La. R.S. 13:717, or. the aforementioned local rules, operates to limit or deprive the district court of jurisdiction or authority to review a timely objected-to judgment of the domestic commissioner, under any circumstances. Indeed, Rule 23(0) states, in pertinent part:
All matters allotted to the .domestic docket shall be heard by. the district judge to whom the case is allotted in a timely manner unless the matter is resolved before the domestic commissioner or the domestic hearing officer as provided for in these rules. Nothing herein *180 shall be construed or interpreted to limit the jurisdiction or authority of any district judge.
| (¡Upon review, we find that the statutory scheme does not contemplate jurisdictional challenges to the district court’s power and responsibility to review and rule upon judgments of the domestic commissioners, regardless of the substance of the domestic commissioner’s ruling.[3] Such a conclusion would limit the jurisdiction and/or authority of the district court judge, which is contrary to the aforementioned specific provision in Rule 23, as well as being contrary to the Louisiana Constitution. La. Const. Art. 5, § 16. The domestic commissioner position was created solely to expedite the process for handling domestic matters, not to usurp the Constitution’s grant of jurisdiction to district court judges.
Mr. Nygren nonetheless urges this Court to rule upon the merits of his objection, arguing that it is a more efficient fix than remanding the matter to the district court. Such an argument is misplaced. Jurisdiction is conferred by law, and is not a matter of convenience. This Court cannot and will not usurp the district court’s jurisdiction to rule upon the domestic commissioner’s judgment in the name of efficiency. Indeed, La. R.S. 13:717(E) provides, in pertinent part:
... Any party who disagrees with a judgment or ruling of a commissioner may file a written objection thereto. The objection shall be filed within three days of the judgment or ruling and shall be filed in accordance with the rules of the Twenty-Fourth Judicial District Court. The objection shall be heard by a judge of the Twenty-Fourth Judicial District Court. The judge may decide the objection based on the record of the proceedings before the commissioner or may receive further evidence and rule based on that evidence, together with the prior evidence, or may recommit the matter to the commissioner with instructions.
Mr. Nygren’s request for this Court to rule upon the merits of his objection would deprive the parties of their statutory right to a hearing on the merits of the objection before the district court.
|7Because we find merit to Mr. Nygren’s argument that the district judge erred in granting Dr. Edler’s second exception of lack of subject matter jurisdiction and thereby failed to entertain his timely-filed objection to the domestic commissioner’s ruling, Mr. Nygren’s assignments of error pertaining to the merits of the domestic commissioner’s ruling are pretermitted.

CONCLUSION

For the foregoing reasons, the district court’s judgment of December 17, 2014 granting Dr. Edler’s second exception of lack of subject matter jurisdiction is hereby reversed, and the matter is remanded for the district court to consider and ultimately rule upon Mr. Nygren’s objection to the domestic commissioner’s ruling of April 22, 2014.

REVERSED AND REMANDED

. The district judge ruled as follows from the bench at the conclusion of the hearing on the exception:, All right. This, the Court has not has had [sic] the opportunity to review this file, and I’ve reviewed the pleadings of counsel, and I’ve heard the argument here this morning. This Court’s ruling is going to be that it lacks subject matter jurisdiction in this matter. As such, the.Court's not taking up the. issue relative to the objection. Your ox- . ception of lack of jurisdiction I'm granting. And I’ll note your objection-to the Court’s rulings. . .

. The district court appeared to consider that it was divested of jurisdiction in part because of statements by counsel at the hearing that due to the commissioner’s ruling declining jurisdiction under the UCCJEA, the Florida court has proceeded with Dr. Edler’s suit. However, even if the Florida court has acted in the matter, the activities of another court in a separate jurisdiction do not operate to restrict the district court’s power and responsibility under Louisiana law to review a domestic commissioner’s judgment.